# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: <br><br> JAMES D. BULGER, <br><br> Debtor. | Case No. 21-31333 <br><br> Chapter 7 |

## JOINDER IN THE BANKRUPTCY ADMINISTRATOR'S
## MOTION TO DISMISS THIS BANKRUPTCY CASE
## AND REQUEST FOR ISSUANCE OF AN INJUNCTION AGAINST RE-FILING

COME NOW Pike Road Investments, LLC ("Pike Road") and John William Kitchens ("Kitchens") (collectively, the "Movants"), by and through counsel, and hereby join the Bankruptcy Administrator's motion to dismiss this bankruptcy case on the grounds that the above-referenced individual, James D. Bulger ("Bulger"), is not eligible to be a bankruptcy debtor under 11 U.S.C. § 109(h) because he failed to obtain pre-petition credit counseling. (Doc. 20). In addition, however, the Movants request that this Honorable Court issue against Bulger an injunction against re-filing bankruptcy of at least six months. In support thereof, the Movants state as follows:

## FACTS & PROCEDURAL HISTORY

1. Starting in 2018, Bulger defrauded the Movants and other plaintiffs out of several million dollars through the course of hundreds of transactions. The Movants did not discover Bulger's fraudulent conduct until early 2021.

2. As just one example out of hundreds of Bulger's fraudulent conduct, Bulger persuaded the Movants and the other plaintiffs to give him $600,000.00 to develop real property located at 2211 U.S. Highway 31 North, Deatsville, Alabama 36022; however, Bulger only spent approximately $40,000.00 of that money on developments.

## The State Court Litigation

3. On April 29, 2021, the Movants and the other plaintiffs sued Bulger in the Circuit Court of Autauga County, Alabama ("the State Court") for fraud, conversion, breach of fiduciary duty, breach of contract, wanton negligence, and various remedial counts ("the State Court Litigation"). *See Pike Road Investments, LLC v. Bulger*, CV-2021-900069 (Autauga Cnty. Cir. Ct.). The following day, the State Court entered a temporary restraining order prohibiting Bulger from transferring or depleting his individual assets and those of his related entities, and that order remained in effect by agreement of the parties until a preliminary injunction was entered.

4. The State Court subsequently entered a preliminary injunction on July 6, 2021 that allowed Bulger to operate only his mechanic shop and to provide monthly expense ledgers for that business and himself and to not transfer assets without first notifying the plaintiffs. The Court scheduled a hearing for September 10, 2021 to determine whether to enter a permanent injunction.

5. On July 29, 2021, the Movants and the other plaintiffs from the State Court Litigation filed a motion to hold Bulger in criminal contempt and sought sanctions against Bulger due to his violations of the State Court's orders. The State Court scheduled a hearing on the motion for August 5, 2021 at 9:00 a.m.

6. After conducting the contempt hearing on August 5, 2021, the State Court found that Bulger had committed eight separate violations of the State Court's orders, held Bulger in criminal contempt, ordered that Bulger be jailed for forty days (i.e., five days for each violation consecutively), and ordered that Bulger pay $5,000.00 in sanctions. Bulger was incarcerated that day.

## The Bankruptcy

7. That same day, August 5, 2021, Bulger filed the instant bankruptcy case at 11:32 a.m., per the time stamp on his Petition. He did not comply with Question 15 of the Petition, which requires debtors to choose one of four answers regarding whether they have completed credit counseling, instead leaving it blank. (Doc. 1, p. 5).

8. After obtaining two extensions, Bulger filed his schedules, statements, and an amended petition on September 17, 2021. (Doc. 13). He asserted on Question 15 of his Amended Petition that he completed credit counseling and received a certificate of completion prior to filing bankruptcy. (Doc. 13, p. 5). Yet the credit counseling certificate that he filed indicated he had not completed a credit counseling course until September 15, 2021, more than a month after he filed bankruptcy. (Doc. 14).

9. The Bankruptcy Administrator moved to dismiss this bankruptcy case on September 22, 2021, citing Bulger's post-petition credit counseling and arguing that he is not eligible to be a bankruptcy debtor under 11 U.S.C. § 109(h). (Doc. 22).

10. Notwithstanding this significant obstacle to the validity of this bankruptcy case, and with an apparent intent at delay or forum shopping in the State Court Litigation, Bulger and his co-defendants in the State Court Litigation removed the State Court Litigation to this Court on October 11, 2021, pursuant to 11 U.S.C. § 1452(a). (Doc. 25; *see also* Adv. Pro. 21-03023).

11. On October 21, 2021, Bulger filed an objection to the Bankruptcy Administrator's motion to dismiss, wherein he claimed that he decided to file bankruptcy during, apparently, the August 5 contempt hearing in front of the State Court and that he was deprived of an opportunity to obtain credit counseling due to his incarceration. (Doc. 29).

## Transfers and Omissions

12. Upon information and belief, since filing bankruptcy and while he was incarcerated, Bulger continued to violate the orders of the State Court by engaging in, and coordinating, transfers of assets through his associates.

13. For instance, and upon information and belief, Bulger is using certain third parties such as Ricky Adams ("Adams"), Ginger McLeod ("McLeod"), Greg Schmitt ("Schmitt"), and Lonnie Marshall ("Marshall") to transfer and potentially hide assets. While he was incarcerated, Bulger made over 130 phone calls, during which he instructed Schmitt to use draws and other funds for various purposes and to only spend the funds upon his approval and direction. Bulger instructed Adams to text "cash" to advise him about a monthly payment that would be put in his mailbox.

14. Bulger also failed to disclose certain business interests in his bankruptcy filings and, upon information and belief, has transferred assets from those business interests, perhaps fraudulently, to third parties such as Adams to circumvent the State Court's orders and possibly to hide assets.

15. On January 19, 2021, Bulger formed Renaissance Builders LLC at 2211 U.S. Highway 31 North, one of the Movants' investment properties (see ¶ 2), and subsequently transferred his interest in the entity to Adams, who dissolved the entity on July 22, 2021 and formed Renaissance Builders II LLC at the same location on the same day. Similarly, Bulger formed The Venue at the Fortuitous LLC on December 21, 2020 with a mailing address of 2211 U.S. Highway 31 North, dissolved the entity on July 22, 2021, and Adams formed The Fortuitous LLC at the same location on July 6, 2021. Bulger formed Magnolia Real Estate Services LLC on March 11, 2021 at 2211 U.S. Highway 31 North and dissolved it on July 21,

2021; five days later, McLeod formed Magnolia Real Estate Services II LLC at the same location. Bulger failed to disclose these interests in his Statement of Financial Affairs, notwithstanding that these interests fell within the ambit of Question 27 of that document. (Doc. 13, pp. 45-46).

## ARGUMENT

16. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and the District Court's General Order of Reference dated April 25, 1985. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### Eligibility to be a Debtor – 11 U.S.C. § 109(h)

17. The Bankruptcy Code provides that no individual is eligible to be a bankruptcy debtor unless he or she completes a credit counseling course prior to filing bankruptcy. 11 U.S.C. § 109(h)(1).

18. There are exceptions to this rule, but none apply in this case. The Bankruptcy Administrator has not determined that the credit counseling agencies are unable to provide adequate services to Bulger. *See* 11 U.S.C. § 109(h)(2)(A). Bulger hasn't submitted a certification describing exigent circumstances and stating that he requested credit counseling prior to filing bankruptcy. *See* 11 U.S.C. § 109(h)(3). And Bulger was not unable to complete credit counseling due to incapacity, disability, or active military service. *See* 11 U.S.C. § 109(h)(4). Nor did Bulger assert any of these exceptions in his Petition or Amended Petition when he had the opportunity to do so. (Doc. 1, p. 5; Doc. 13, p. 5); *see also* FED. R. BANKR. P. 1007(b)(3) (requiring debtors to file a statement of compliance with the credit counseling requirement).

19. Instead, Bulger lied on Question 15 of his Amended Petition and indicated he received credit counseling prior to filing bankruptcy. (Doc. 13, p. 5). Although Bulger's objection now blames his incarceration for his failure to obtain pre-petition credit counseling, he had access to a telephone while he was in jail and used it more than 130 times during his incarceration, and this Court currently approves seventeen different credit counseling courses that can be completed telephonically. Therefore, there was no "disability" within the meaning of § 109(h)(4), and for the same reason his incarceration cannot be described as "exigent circumstances" under § 109(h)(3)(A)(i).

20. Bulger's reliance on *In re Hess*, 347 B.R. 489 (Bankr. D. Vt. 2006), as grounds to ignore § 109(h) is misplaced. First many courts have held that they must dismiss an individual bankruptcy case lacking pre-petition credit counseling unless one of the statutorily prescribed exceptions of § 109(h)(2)-(4) applies. *See, e.g., In re Ginsberg*, 354 B.R. 644, 647 (Bankr. E.D.N.Y. 2006) (citing cases). Second, even if *Hess* was correctly decided, it is readily distinguishable from this case. *Hess* was a consolidation of two separate cases. In one case, the debtor obtained credit counseling prior to filing bankruptcy but did not realize that the counseling did not comply with § 109(h), and the counseling agency failed to inform him of this. *Hess*, 347 B.R. at 499. In the other case, the debtor's attorney suffered a medical emergency, during which the attorney's staff found the case file and filed the case without realizing that the debtor lacked credit counseling. *Id.* at 493, 500. Bulger's excuse of incarceration, when he made no apparent effort to complete credit counseling before filing or while he was in jail, with a telephone and a plethora of telephonic credit counseling courses available, falls well short of the *Hess* examples.

## An Injunction Against Re-Filing Is Warranted Because Bulger Filed This Case in Bad Faith, Made False Statements and Omissions, and May Have Transferred Estate Property After Filing Bankruptcy

21. Courts have generally held that three statutory bases exist for the imposition of an injunction against the re-filing of a bankruptcy case. Section 109(g)(1) provides for a 180-day injunction against re-filing if a bankruptcy case is dismissed for the debtor's willful failure to comply with court orders. In addition, §§ 105(a) and 349(a) have been used as grounds to impose longer injunctions in appropriate circumstances. *In re Garcia*, 479 B.R. 488, 494 (Bankr. N.D. Ind. 2012) (issuing three-year and one-year injunctions); *see, e.g.*, *In re McGill*, 2016 Bankr. LEXIS 4005 (Bankr. M.D. Ga. Nov. 17, 2016) (issuing one-year injunction); *In re Smith*, 536 B.R. 478 (Bankr. M.D. Ala. 2015) (issuing five-year injunction).

22. Bulger's conduct in this case warrants an injunction against re-filing. First, Bulger filed this case in bad faith. Despite Bulger's suggestion otherwise, a potential need for bankruptcy was foreseeable well before the August 5 contempt hearing. Bulger had been sued for millions of dollars in April and the Movants filed their contempt motion on July 29, six days before the contempt hearing. If Bulger had intended to file bankruptcy in good faith, he had ample time prior to the hearing to complete credit counseling.

23. Instead, Bulger's apparent snap decision to file bankruptcy while he was being found in contempt and his subsequent filing without credit counseling is evidence that he did not file bankruptcy in good faith. Bulger's bankruptcy filing is nothing more than an attempt at forum shopping to escape a state court judge he had run afoul of and to delay the State Court Litigation.[1] It is not an effort at a fresh financial start.

---

[1] Bulger's objection chides the State Court for holding the criminal contempt hearing "despite the commencement of this case[.]" (Doc. 29, ¶ 4). However, the contempt hearing started two and a half hours before Bulger filed his petition, and, in any event, criminal proceedings are not subject to the

- 7 -

Case 21-31333    Doc 30    Filed 10/24/21    Entered 10/24/21 14:10:08    Desc Main
Document    Page 7 of 10

24. Moreover, Bulger's made false statements and omissions in his bankruptcy filings. As noted, he lied on Question 15 of his Amended Petition and stated he had completed pre-petition credit counseling when he had not. (Doc. 13, p. 5). More seriously, however, Bulger omitted at least three former business interests from Question 27 of his Statement of Financial Affairs. (Doc. 13, pp. 45-46). Bulger dissolved those entities within days of apparent successor entities being formed by associates of Bulger in the same location where Bulger's entities had operated – on the Movants' investment property.

25. Finally, while he was in jail, Bulger appears to have coordinated, through his associates, transfers of funds that may be property of the estate, and that likely violated the State Court's injunctive orders.

26. Given the foregoing circumstances, an injunction against re-filing of at least six months is appropriate, and the Movants request that the Court issue such an injunction against Bulger.

WHEREFORE, the movants, Pike Road Investments, LLC and John William Kitchens, request that this Honorable Court (1) overrule the objection filed by James D. Bulger to the Bankruptcy Administrator's motion to dismiss, (2) dismiss this bankruptcy case, and (3) issue an injunction prohibiting James D. Bulger from filing bankruptcy again for at least six months, as well as order any other relief that may be just.

Respectfully submitted on October 24, 2021.

MEMORY MEMORY & CAUSBY, LLP

---

automatic stay. 11 U.S.C. § 362(b)(1).

By: /s/ Wm. Wesley Causby

Von G. Memory
ASB-8137-O71V

Wm. Wesley Causby
ASB-9822-G93R

Attorneys for Pike Road Investments, LLC and John William Kitchens

MEMORY MEMORY & CAUSBY, LLP
P.O. Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
wcausby@memorylegal.com

# CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☐ placing same in the United States Mail, postage prepaid, and properly addressed

☒ E-mail or ECF (Pursuant to FED. R. BANKR. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court


Danielle Greco, Esq.
U.S. Bankruptcy Administrator
One Court Street
Montgomery, Alabama 36104

Carly B. Wilkins, Esq.
Chapter 7 Trustee
560 South McDonough Street, Suite A
Montgomery, Alabama 36104

Bill D. Bensinger, Esq.
Christian & Small LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

on October 24, 2021.

/s/ Wm. Wesley Causby