**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No. 21-31333** |
| **JAMES D. BULGER,** | ) | |
| | ) | **Chapter 7** |
| Debtor. | ) | |

**OBJECTION TO MOTION TO DISMISS BANKRUPTCY CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. § 349(a) AND MODIFICATION OF REQUEST FOR INJUNCTION AGAINST REFILING BANKRUPTCY**

James D. Bulger (the "Debtor") objects to the *Motion to Dismiss Bankruptcy Case with Prejudice Pursuant to 11 U.S.C. § 349(a) and Modification of Request for Injunction Against Refiling Bankruptcy*, Docket No. 65 (the "Amended Motion") filed by Pike Road Investments, LLC ("Pike Road") and John William Kitchens ("Kitchens" and together with Pike Road, collectively, the "Joining Parties"). In further support for this objection, the Debtor states as follows:

**Procedural and Factual History**

1.      The Debtor commenced this case on August 5, 2021 (the "Petition Date"). *See* Voluntary Petition, Docket No. 1.

2.      The BA filed the Motion on September 22, 2021, with a hearing date on October 26, 2021 (the "Initial Hearing").

3.      The Debtor filed his *Objection to Bankruptcy Administrator's Motion to Dismiss*, Docket No. 29, on October 21, 2021.

4.     The Joining Parties filed their Joinder on Sunday, October 24, 2021; less than two days prior to the Initial Hearing.

5.     At the Initial Hearing, the Court reset the Motion for evidentiary hearing on November 18, 2021 (the "Final Hearing").  *See* Docket No. 35.

6.     On the same day as the Initial Hearing, the Debtor served interrogatories and requests for production of documents (collectively, the "Debtor's Discovery Requests") on the Joining Parties.  A true and correct copy of the Debtor's Discovery Requests is attached hereto as Exhibit A.

7.     In Interrogatory No. 6, the Debtor asked the Joining Parties to "Identify all legal or equitable grounds on which you intend to rely in prosecuting the Motion."  *See* Exhibit A.

8.     On Friday afternoon, November 5, 2021, the Joining Parties produced 2,299 pages of non-Bates Stamped documents ostensibly evidencing the allegations in the Joinder (the "First Document Responses").

9.     On Monday afternoon, November 8, 2021, the Joining Parties produced an additional 228 pages of non-Bates Stamped documents (the "Second Document Responses" and together with the First Document Responses, collectively, the "Document Responses").

10.     The Joining Parties responded to the interrogatories in the Discovery Requests (the "Interrogatory Responses" and together with the Document Responses, collectively, the "Discovery Responses") on Monday, November 8, 2021.  A true and correct copy of the Interrogatory Responses is attached hereto as Exhibit B.

11. In the Interrogatory Responses, the Joining Parties responded to Interrogatory No. 6 but did not disclose any of the new legal grounds that the Joining Parties allege in the Amended Motion.

12. On November 10, 2021, the Debtor filed his *Motion to Continue Hearing on Motion to Dismiss*, Docket No. 41 (the "Motion to Continue").

13. The Court heard and considered the Motion to Continue on November 15, 2021, and continued the Final Hearing to November 30, 2021. *See* Docket No. 57.

14. The Court additionally set an amended schedule for disclosure of exhibits and witnesses for November 23, 2021. *Id.*

15. On November 22, 2021 – the day before the parties were to disclose witnesses and exhibits – and thus effectively after the opportunity to develop evidence had closed, the Joining Parties materially amended the Joinder and their allegations and asked for new and additional relief not previously requested.

## Objection

16. In the Amended Motion the Joining Parties request that the Court go beyond the initial refiling injunction of 6 months pursuant to § 109(g), and enjoin the Debtor from refiling for a period of two years, ostensibly pursuant to § 349(a). *See* Amended Motion, ¶¶ 37-48.

17. These are two different forms of relief. *See Aurora Loan Servs. v. Amey (In re Amey)*, 314 B.R. 864, 867 (Bankr. N.D. Ga. 2004); see also *In re Singer*, 00-08620-6B3, 2001

3

Bankr. LEXIS 2044 at *5 (Bankr. M.D. Fla. August 1, 2001) (distinguishing bad faith for § 349(a) purposes as "egregious misconduct, contemptuousness, malfeasance or systemic abuse.").

18.     First, a court cannot enjoin refiling for a period of longer than 180 days.  *See In re Frieouf*, 938 F.2d 1099, 1102-04 (10th Cir. 1991) (restricting a court's ability to dismiss with an injunction against refiling to a period of 180 days); *but see Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327 (2d Cir. 1999) (holding that a court can enjoin refiling for longer than 180 days).

19.     Second, the Joining Parties' amendments seeking new or additional relief after they commenced the litigation is generally not permitted.  *See generally Newsome ex rel. Bell v. Barnhart*, 444 F. Supp. 2d 1195, 1203 n.7 (M.D. Ala. 2006) (refusing to consider additional issues not raised in the initial pleadings and to which the opposing party did not have an opportunity to respond).

20.     In the Joinder and in the Discovery Responses, the Joining Parties did not mention or allege any relief seeking to enjoin the Debtor from refiling for more than 180 days, nor did the Joining Parties mention or allege a finding that the Debtor's current debts would be non-dischargeable.

21.     The Court should prohibit such last-minute changes in allegations and relief sought.

                                        */s/ Bill D. Bensinger*
                                        Bill D. Bensinger
                                        Attorney for James D. Bulger

OF COUNSEL:

4

CHRISTIAN & SMALL LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Tel:  205-250-6626
Email:  bdbensinger@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2021 a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System which sends notification of such filing to counsel of record in this cause, and those not registered with CM/ECF for electronic notification have been served at their regular mailing address via email or U.S. Mail, postage prepaid, as follows:

United States Bankruptcy Administrator
Frank M. Johnson, Jr
Federal Building & U.S. Courthouse
One Church Street
Montgomery AL 36104

Von G. Memory
Wm. Wesley Causby
MEMORY MEMORY & CAUSBY, LLP
P.O. Box 4054
Montgomery, Alabama 36103

Garrick L. Stotser
Massey, Stotser & Nichols, PC
1780 Gadsden Highway
Birmingham, Alabama 35235

Jim T. Norman, III
Law offices of Jim T. Norman, III, LLC
872 Gillespie Street
Prattville, Alabama 36067

Carly Wilkins
Chapter 7 Trustee
Carly B. Wilkins, P.C.
560 S. McDonough St.; Suite A
Montgomery, Alabama 36104

/s/ Bill D. Bensinger
Bill D. Bensinger

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 21-31333-BPC** |
| **JAMES D. BULGER,** | ) | |
| | ) | **Chapter 7** |
| **Debtor.** | ) | |

## DEBTOR'S FIRST DISCOVERY REQUESTS TO JOHN WILLIAM KITCHENS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, made applicable in this Contested Matter pursuant to Rules 9014, 7026, 7033, and 7034 of the Federal Rules of Bankruptcy Procedure, James D. Bulger hereby requests that John William Kitchens, respond to the Interrogatories and Requests for Production in accordance with the Federal Rules of Civil Procedure and the definitions and instructions set forth below.

## Definitions

1.      "Bankruptcy Case" shall mean the bankruptcy case styled *In re James D. Bulger*, case no. 21-31333-BPC, pending in the Bankruptcy Court.

2.      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Middle District of Alabama.

3.      "Debtor" shall mean James D. Bulger.

4.      "J. Kitchens" shall mean John William Kitchens.

5.      "Love" shall mean Jesse Love.

6.   "<u>Motion</u>" shall mean that certain *Joinder in the Bankruptcy Administrator's Motion to Dismiss this Bankruptcy Case and Request for Issuance of an Injunction Against Refiling*, Docket No. 30, filed by the Movants.

7.   "<u>Movants</u>" shall mean Pike Road and J. Kitchens.

8.   "<u>Pike Road</u>" shall mean Pike Road Investments, LLC.

9.   "<u>State Court</u>" shall mean the Circuit Court of Autauga County, Alabama.

10.   "<u>State Court Case</u>" shall mean that certain case styled *Pike Road Investments, LLC, et al, v. James D. Bulger*, case no. 04-cv-2021-900069.00-BAF, pending in the State Court.

11.   "<u>State Court Plaintiffs</u>" shall mean any and all plaintiffs in the State Court Case.

12.   "<u>Document</u>" or "<u>Documents</u>" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk

calendars, appointment books, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

13.    "Identify" when referring to a Document means to state that Document's title, date, author, recipient, and a summary of the Document.

14.    "Identify" when referring to a natural person means to state the person's first and last name and the person's current address and telephone number, or if the current address or telephone number are not known, the last known one(s).

15.    "Identify" when referring to facts means to state, in as much detail as possible, all facts and information that you know or believe to support the referenced matter or allegation, including the date of any event, all Communications, and all circumstances relating to such matter(s) or allegation(s).

16.    "Identify" when referring to a Communication means to state, in as much detail as possible, the date and time of the Communication, each of the parties to the Communication, the physical location of the parties during the Communication, the physical means by which the Communication transpired (e.g., in person, telephone, mailed letter, hand-delivered letter, fax, e-mail, etc.), and the verbatim content of the Communication, or if the verbatim content is not available, a detailed and accurate summary of the Communication.

17.    "Relating to" and "Concerning" each mean, in addition to their usual and customary meanings, concerning, relating to, discussing, mentioning, evidencing, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the Request.

18.     "You" or "Your" shall refer to any person to whom these Documents requests have been addressed and all of their current and former affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns and any other person currently or formerly acting or purporting to act on the Person's behalf for any purpose whatsoever.

19.     "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

20.     The singular form of a word shall include the plural form, and the plural form shall include the singular form.

21.     The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

## Instructions for Interrogatories

1.     Each Interrogatory shall be construed independently and not with reference to any other Interrogatory.

2.     The Debtor hereby expressly reserves the right to supplement these Interrogatories and to propound new Interrogatories, to the extent permitted by law.

3.      Any objection to any Interrogatory or any part thereof shall state with specificity the grounds for the objection. All information called for by those portions of the Interrogatory to which there is no objection shall be answered.

4.      If you cannot answer in full the following Interrogatories, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

5.      Each Interrogatory seeks information in your possession, custody or control, including but not limited to those information in the custody or possession of current or former members, subsidiaries, parents, affiliates, divisions, predecessors, successors, officers, directors, agents, employees, representatives, consultants, or investigators, or your attorneys or their agents, employees, representatives or investigators.

6.      If you are aware of documents and/or information responsive to these Interrogatories, which is not available to you or subject to your reasonable access or control, identify any information you may have regarding the location and possessor of such documents and/or information. If the addresses and telephone numbers of an individual or source identified in your responses are available, please provide them.

7.      If in answering these Interrogatories, you claim any ambiguity in interpreting either an Interrogatory or a definition or instruction applicable thereto, you shall not use such claims as a basis for refusing to respond, but shall identify as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

8. If you object to any part of an Interrogatory, produce information responsive to all parts of the Interrogatory to which you do not object, indicating what is being withheld and the reason it is being withheld.

9. These Interrogatories shall be deemed continuing in nature as specified in Fed. R. Bankr. P. 7026(e), so as to require supplementation if you or your attorneys or agents become aware of, receive or generate additional Documents responsive to these requests after the time of the initial response.

10. If You contend that any Interrogatory asks for information that is privileged or otherwise need not be revealed, please note the privilege or failure to reveal as an objection to the Interrogatory and comply with the Interrogatory to the extent that it is not subject to the objection. In addition, please supply the Debtor with a written description of the information for which a limitation of discovery is claimed, indicating:

    (a) The name of the writer, sender or initiator of each such document or communication, if any;

    (b) The name of the person in custody or charge or possession of each such document, if any;

    (c) The name of the recipient, addressee or party for whom such document or communication was intended, if any;

    (d) The date of each such document or communication, if any, or the date of manufacture of each such document. (If you are not sure of the date of a communication, or if no date appears on any such document, estimate a date.);

(e)     The general subject matter of each such communication or the general subject matter of each such document. With respect to documents, if no description appears, then such other description sufficient to identify said document;

(f)     The name, business address and position of each person who has information about the communication or contents or nature of any such document; and

(g)     The nature and grounds of the privilege or other reason for refusal to reveal such information that you assert in support of your objection.

## **Instructions for Document Requests**

1.     Unless otherwise specified in any request, the requests seek Documents generated, transmitted or received.

2.     Each request for Documents requires the production of all Documents described herein, in your possession, custody or control, including but not limited to those Documents in the custody or possession of current or former members, direct or indirect subsidiaries, parents, affiliates, divisions, predecessors, successors, officers, directors, agents, employees, representatives, consultants, or investigators, or your attorneys or their agents, employees, representatives or investigators.

3.     All Documents are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific requests set forth below.

4.     In responding to each request, if any Document requested has been amended (including by an amendment and restatement), or any waiver, consent, supplement, forbearance or

other similar instrument has been entered into in connection with such Document, furnish each such amendment, amendment and restatement, waiver, consent, supplement, forbearance, or other similar instrument.

5.      In responding to each request, furnish all exhibits, schedules, annexes, appendices, or any other ancillary Documents related to each Document produced.

6.      All drafts of responsive Documents must be produced, as well as all non-identical copies. Any comment, notation, or other marking shall be sufficient to distinguish Documents that are otherwise similar in appearance and to make them separate Documents for purposes of your response. Likewise, any draft, preliminary form, or superseded version of any Document is also to be considered a separate Document.

7.      To the extent applicable, furnish executed versions of each Document requested.

8.      The file folder or other container in which a Document is kept is deemed to be an integral part of the Document and shall be produced with the Document.

9.      Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular request or the subject matter thereof.

10.     If, in answering these requests, you claim any ambiguity in interpreting either these requests or a definition or instruction applicable thereto, you shall not use such claims as a basis for refusing to respond, but shall identify as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

11.     If any requested Document or thing cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

12.     If you object to any part of a Document request, produce Documents responsive to all parts of the request to which you do not object.

13.     These Document requests shall be deemed continuing so as to require supplementation if you or your attorneys or agents become aware of, receive or generate additional Documents responsive to these requests after the time of the initial response.

14.     If any Document called for by these requests is withheld under a claim of privilege or protection, that Document need not be produced but you shall with respect to that Document:

         a.     identify each person who prepared or participated in the preparation of the Document, and the date the Document was created;

         b.     identify each person who ever sent or received the Document;

         c.     state the present location of the Document and all copies thereof;

         d.     describe the nature of the Document; and

         e.     state the grounds asserted as the reason for non-production, and explain and substantiate the claim of privilege, so as to permit adjudication of the propriety of that claim.

15.     If there are no Documents responsive to a specific request, so state in writing.

16.     If any Document requested was, but is no longer in your possession, custody or control, state the subject matter of the Document, what disposition was made of it, and the date or

dates on which such disposition was made. Additionally, produce all Documents concerning the disposition of such Document.

17.     If you are unable to locate any Document requested, state all efforts that have been made to locate it, and identify any individual who you believe is likely to possess any information regarding the present location of the Document.

18.     If you know of any Documents responsive to a particular request but cannot produce them, so state, produce the Documents within your possession, custody or control on the subject matter sought, and identify each person whom you believe has Documents responsive to the request.

19.     For Documents maintained in paper format, the following specifications should be used for production:

a.      Scanned images should be produced as single-page black-and-white TIFF files in group IV format imaged at 300 dpi (or color JPEG).

b.      Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC00000001).

c.      Each production volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

d.      To the extent that Documents have been run through Optical Character Recognition (OCR) software in the course of reviewing the Documents for production, full text

should also be delivered for each Document. Text should be delivered on a Document level and may be included in an appropriately formatted text file (.TXT) that is named to match the first Bates number of the Document.

20.     For Documents that originated and are maintained in electronic format ("Electronically Stored Information"), the following specifications should be used for production:

a.      Documents should be produced in such fashion as to identify the location (*i.e.*, the network file folder, hard drive, backup tape, or other location) where the Documents are stored and, where applicable, the natural person in whose possession they were found, or on whose hardware device they reside or are stored. If the storage location was a file share or work group folder, that should be specified as well.

b.      Attachments, enclosures, and/or exhibits to any parent Documents should also be produced and proximately referenced to the respective parent Documents containing the attachments, enclosures, and/or exhibits.

c.      For standard Documents, emails, and presentations originating in electronic form, Documents should be produced as TIFF images using the same specifications as set forth above for paper Documents, with a delimited text file (using the delimiters detailed below) containing the following extracted metadata fields:

i.      Beginning Attachment Range;

ii.     Ending Production Number;

iii.    Beginning Attachment Range;

      iv.        Ending Attachment Range;

      v.        Custodian;

      vi.        Original Location Path;

      vii.        Email Folder Path;

      viii.        Document Type;

      ix.        Author;

      x.        Title;

      xi.        File Name;

      xii.        File Ext;

      xiii.        File Size;

      xiv.        MD5 Hash;

      xv.        Date Last Modified;

      xvi.        Date Created;

      xvii.        Date Sent;

      xviii.        Time Sent [HH:MM:SS];

      xix.        MessageID;

      xx.        Date Received;

xxi.        From;

xxii.       Recipients;

xxiii.      Copyees;

xxiv.       Blind Copyees;

xxv.        Pages

xxvi.       Email Subject;

xxvii.      Native link path; and

xxviii.     Extracted Text (not OCR Text) produced as separate .TXT files.

21.     When converting Electronically Stored Information from its native format into its production format: (a) all tracked changes shall be retained in the manner in which they existed when the file was collected; (b) OLE Embedded files shall not be extracted as separate Documents; (c) author comments shall be retained in the manner in which they existed when the file was collected; (d) hidden columns and rows shall be retained in the manner in which they existed when the file was collected; (e) presenter notes shall be retained in the manner in which they existed when the file was collected; (f) auto-populated fields shall be replaced with descriptive text for the item. For example, auto-populating "page number" fields shall be replaced with the text "PAGE #," auto-populating "date" fields shall be replaced with the text "DATE," and auto-populating "file path" fields shall be replaced with the text "PATH" (or other similar text).

22.     Additional special processing of certain Electronically Stored Information will be as follows: Microsoft Excel spreadsheet files will not be converted to TIFF files and will be

produced in native format. A placeholder TIFF image will be created, Bates numbered, and the produced Excel file will be renamed to match the Bates number on its corresponding placeholder page. The exception will be for redacted spreadsheets which will be produced in TIFF format as specified above. Images for the redacted spreadsheets will display the content in the same manner as if it were printed. The extractable metadata and text will be provided for native files, and OCR will be provided for the un-redacted portions of the Documents.

23.     Upon review, a request may be made for certain other Documents that were initially produced in their static (TIFF or PDF) format to be produced in their native format in the event that the static version is not reasonably usable. Such Documents will be identified by Bates numbers. For structured information contained within databases parties are to meet and confer on the form of production prior to production.

24.     Documents produced shall be provided with (i) Concordance delimited load file(s) and (ii) Opticon delimited cross-reference file(s). Every TIFF in each production must be referenced in the production's corresponding load file. The total number of images referenced in a production's load file should match the total number of TIFF files in the production. The database load file shall include a reference to any native files that are produced.

25.     You shall produce all Documents responsive to any of the following Requests in the possession or custody of any of the advisors or counsel to You.

### **Interrogatories**

1.      State the name, address, title, and duties of the person answering these Interrogatories and the place where the Interrogatories are answered.

2.      Identify any and all facts that support the Motion or which You intend to prove at the evidentiary hearing on the Motion.

3.      Identify any and all documents that support the Motion or which You intend to introduce or use at the evidentiary hearing on the Motion.

4.      Identify any and all individuals, entities, or people that have knowledge of any and all relevant facts that support the Motion or which You intend to prove at the evidentiary hearing on the Motion.  For each such person, state the substance of the knowledge that each person has regarding the facts all alleged in the Motion or which You intend to prove at the evidentiary hearing on the Motion.

5.      Identify any and all individuals, entities, or people that You intend to call as witnesses at the evidentiary hearing on the Motion.

6.      Identify all legal or equitable grounds on which You intend to rely in prosecuting the Motion.

7.      If you intend to assert that there is "cause" for the Bankruptcy Court to grant the Motion and dismiss the Bankruptcy Case, Identify all facts supporting such alleged "cause."

8.      If you intend to assert that the Debtor commenced the Bankruptcy Case in "bad faith", Identify all facts supporting such alleged "bad faith" by the Debtor.

9.      Identify any and all Communication You have had with any other State Court Plaintiff concerning the Motion.

10.     Identify any and all Communication You have had with any other State Court Plaintiff concerning the Bankruptcy Case.

11.     Identify any and all Communication You have had with Love concerning the Bankruptcy Case.

## **Requests for Production**

12.     Any and all Communications and Documents identified in, described in, Concerning, evidencing, or related to Interrogatories 1 through 11, above.

        */s/ Bill D. Bensinger*
        Bill D. Bensinger
        Attorney for James D. Bulger

**OF COUNSEL:**

**CHRISTIAN & SMALL, LLP**
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203
Tel: 205-250-6626
Email: bdbensinger@csattorneys.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, regular mail, and/or certified mail, return receipt requested, on the following counsel of record on October 26, 2021.

Von G. Memory
Wm. Wesley Causby
MEMORY MEMORY & CAUSBY, LLP
P.O. Box 4054
Montgomery, AL 36103

Garrick L. Stotser
Massey, Stotser & Nichols, PC
1780 Gadsden Highway
Birmingham, Alabama 35235

*/s/ Bill D. Bensinger*
OF COUNSEL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Case No. 21-31333-BPC** |
| **JAMES D. BULGER,** | ) | |
| | ) | **Chapter 7** |
| **Debtor.** | ) | |

## DEBTOR'S FIRST DISCOVERY REQUESTS TO PIKE ROAD INVESTMENTS, LLC

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, made applicable in this Contested Matter pursuant to Rules 9014, 7026, 7033, and 7034 of the Federal Rules of Bankruptcy Procedure, James D. Bulger hereby requests that Pike Road Investments, LLC, respond to the Interrogatories and Requests for Production in accordance with the Federal Rules of Civil Procedure and the definitions and instructions set forth below.

## Definitions

1.　"<u>Bankruptcy Case</u>" shall mean the bankruptcy case styled *In re James D. Bulger*, case no. 21-31333-BPC, pending in the Bankruptcy Court.

2.　"<u>Bankruptcy Court</u>" shall mean the United States Bankruptcy Court for the Middle District of Alabama.

3.　"<u>Debtor</u>" shall mean James D. Bulger.

4.　"<u>J. Kitchens</u>" shall mean John William Kitchens.

5.　"<u>Love</u>" shall mean Jesse Love.

6.     "<u>Motion</u>" shall mean that certain *Joinder in the Bankruptcy Administrator's Motion to Dismiss this Bankruptcy Case and Request for Issuance of an Injunction Against Refiling*, Docket No. 30, filed by the Movants.

7.     "<u>Movants</u>" shall mean Pike Road and J. Kitchens.

8.     "<u>Pike Road</u>" shall mean Pike Road Investments, LLC.

9.     "<u>State Court</u>" shall mean the Circuit Court of Autauga County, Alabama.

10.     "<u>State Court Case</u>" shall mean that certain case styled *Pike Road Investments, LLC, et al, v. James D. Bulger*, case no. 04-cv-2021-900069.00-BAF, pending in the State Court.

11.     "<u>State Court Plaintiffs</u>" shall mean any and all plaintiffs in the State Court Case.

12.     "<u>Document</u>" or "<u>Documents</u>" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk

calendars, appointment books, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

13. "Identify" when referring to a Document means to state that Document's title, date, author, recipient, and a summary of the Document.

14. "Identify" when referring to a natural person means to state the person's first and last name and the person's current address and telephone number, or if the current address or telephone number are not known, the last known one(s).

15. "Identify" when referring to facts means to state, in as much detail as possible, all facts and information that you know or believe to support the referenced matter or allegation, including the date of any event, all Communications, and all circumstances relating to such matter(s) or allegation(s).

16. "Identify" when referring to a Communication means to state, in as much detail as possible, the date and time of the Communication, each of the parties to the Communication, the physical location of the parties during the Communication, the physical means by which the Communication transpired (e.g., in person, telephone, mailed letter, hand-delivered letter, fax, e-mail, etc.), and the verbatim content of the Communication, or if the verbatim content is not available, a detailed and accurate summary of the Communication.

17. "Relating to" and "Concerning" each mean, in addition to their usual and customary meanings, concerning, relating to, discussing, mentioning, evidencing, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the Request.

18.     "You" or "Your" shall refer to any person to whom these Documents requests have been addressed and all of their current and former affiliates, parents, direct or indirect subsidiaries, members, officers, directors, representatives, employees, agents, consultants, accountants, attorneys, financial advisors, predecessors, successors, assigns and any other person currently or formerly acting or purporting to act on the Person's behalf for any purpose whatsoever.

19.     "Any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" and "and" should be understood to include and encompass "or."

20.     The singular form of a word shall include the plural form, and the plural form shall include the singular form.

21.     The use of the present tense includes the past tense, the use of the past tense shall include the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other tenses.

## **Instructions for Interrogatories**

1.      Each Interrogatory shall be construed independently and not with reference to any other Interrogatory.

2.      The Debtor hereby expressly reserves the right to supplement these Interrogatories and to propound new Interrogatories, to the extent permitted by law.

3.      Any objection to any Interrogatory or any part thereof shall state with specificity the grounds for the objection. All information called for by those portions of the Interrogatory to which there is no objection shall be answered.

4.      If you cannot answer in full the following Interrogatories, after exercising due diligence to secure the information necessary to do so, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

5.      Each Interrogatory seeks information in your possession, custody or control, including but not limited to those information in the custody or possession of current or former members, subsidiaries, parents, affiliates, divisions, predecessors, successors, officers, directors, agents, employees, representatives, consultants, or investigators, or your attorneys or their agents, employees, representatives or investigators.

6.      If you are aware of documents and/or information responsive to these Interrogatories, which is not available to you or subject to your reasonable access or control, identify any information you may have regarding the location and possessor of such documents and/or information. If the addresses and telephone numbers of an individual or source identified in your responses are available, please provide them.

7.      If in answering these Interrogatories, you claim any ambiguity in interpreting either an Interrogatory or a definition or instruction applicable thereto, you shall not use such claims as a basis for refusing to respond, but shall identify as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Interrogatory.

8.      If you object to any part of an Interrogatory, produce information responsive to all parts of the Interrogatory to which you do not object, indicating what is being withheld and the reason it is being withheld.

9.      These Interrogatories shall be deemed continuing in nature as specified in Fed. R. Bankr. P. 7026(e), so as to require supplementation if you or your attorneys or agents become aware of, receive or generate additional Documents responsive to these requests after the time of the initial response.

10.      If You contend that any Interrogatory asks for information that is privileged or otherwise need not be revealed, please note the privilege or failure to reveal as an objection to the Interrogatory and comply with the Interrogatory to the extent that it is not subject to the objection. In addition, please supply the Debtor with a written description of the information for which a limitation of discovery is claimed, indicating:

(a)      The name of the writer, sender or initiator of each such document or communication, if any;

(b)      The name of the person in custody or charge or possession of each such document, if any;

(c)      The name of the recipient, addressee or party for whom such document or communication was intended, if any;

(d)      The date of each such document or communication, if any, or the date of manufacture of each such document. (If you are not sure of the date of a communication, or if no date appears on any such document, estimate a date.);

(e)     The general subject matter of each such communication or the general subject matter of each such document. With respect to documents, if no description appears, then such other description sufficient to identify said document;

(f)     The name, business address and position of each person who has information about the communication or contents or nature of any such document; and

(g)     The nature and grounds of the privilege or other reason for refusal to reveal such information that you assert in support of your objection.

## **Instructions for Document Requests**

1.     Unless otherwise specified in any request, the requests seek Documents generated, transmitted or received.

2.     Each request for Documents requires the production of all Documents described herein, in your possession, custody or control, including but not limited to those Documents in the custody or possession of current or former members, direct or indirect subsidiaries, parents, affiliates, divisions, predecessors, successors, officers, directors, agents, employees, representatives, consultants, or investigators, or your attorneys or their agents, employees, representatives or investigators.

3.     All Documents are to be produced as kept in the usual course of business or organized and labeled to correspond to the specific requests set forth below.

4.     In responding to each request, if any Document requested has been amended (including by an amendment and restatement), or any waiver, consent, supplement, forbearance or

other similar instrument has been entered into in connection with such Document, furnish each such amendment, amendment and restatement, waiver, consent, supplement, forbearance, or other similar instrument.

5.     In responding to each request, furnish all exhibits, schedules, annexes, appendices, or any other ancillary Documents related to each Document produced.

6.     All drafts of responsive Documents must be produced, as well as all non-identical copies. Any comment, notation, or other marking shall be sufficient to distinguish Documents that are otherwise similar in appearance and to make them separate Documents for purposes of your response. Likewise, any draft, preliminary form, or superseded version of any Document is also to be considered a separate Document.

7.     To the extent applicable, furnish executed versions of each Document requested.

8.     The file folder or other container in which a Document is kept is deemed to be an integral part of the Document and shall be produced with the Document.

9.     Each paragraph and subparagraph hereof and the definitions herein are to be construed independently, and not by or with reference to any paragraph or subparagraph or definition herein for purposes of limiting the scope of any particular request or the subject matter thereof.

10.     If, in answering these requests, you claim any ambiguity in interpreting either these requests or a definition or instruction applicable thereto, you shall not use such claims as a basis for refusing to respond, but shall identify as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

11.     If any requested Document or thing cannot be produced in full, produce it to the extent possible, indicating what is being withheld and the reason it is being withheld.

12.     If you object to any part of a Document request, produce Documents responsive to all parts of the request to which you do not object.

13.     These Document requests shall be deemed continuing so as to require supplementation if you or your attorneys or agents become aware of, receive or generate additional Documents responsive to these requests after the time of the initial response.

14.     If any Document called for by these requests is withheld under a claim of privilege or protection, that Document need not be produced but you shall with respect to that Document:

        a.      identify each person who prepared or participated in the preparation of the Document, and the date the Document was created;

        b.      identify each person who ever sent or received the Document;

        c.      state the present location of the Document and all copies thereof;

        d.      describe the nature of the Document; and

        e.      state the grounds asserted as the reason for non-production, and explain and substantiate the claim of privilege, so as to permit adjudication of the propriety of that claim.

15.     If there are no Documents responsive to a specific request, so state in writing.

16.     If any Document requested was, but is no longer in your possession, custody or control, state the subject matter of the Document, what disposition was made of it, and the date or

dates on which such disposition was made. Additionally, produce all Documents concerning the disposition of such Document.

17. If you are unable to locate any Document requested, state all efforts that have been made to locate it, and identify any individual who you believe is likely to possess any information regarding the present location of the Document.

18. If you know of any Documents responsive to a particular request but cannot produce them, so state, produce the Documents within your possession, custody or control on the subject matter sought, and identify each person whom you believe has Documents responsive to the request.

19. For Documents maintained in paper format, the following specifications should be used for production:

a. Scanned images should be produced as single-page black-and-white TIFF files in group IV format imaged at 300 dpi (or color JPEG).

b. Each filename must be unique and match the Bates number of the page. The filename should not contain any blank spaces and should be zero padded (for example ABC00000001).

c. Each production volume should have its own unique name and a consistent naming convention (for example ZZZ001 or SMITH001).

d. To the extent that Documents have been run through Optical Character Recognition (OCR) software in the course of reviewing the Documents for production, full text

should also be delivered for each Document. Text should be delivered on a Document level and may be included in an appropriately formatted text file (.TXT) that is named to match the first Bates number of the Document.

20.     For Documents that originated and are maintained in electronic format ("Electronically Stored Information"), the following specifications should be used for production:

a.      Documents should be produced in such fashion as to identify the location (*i.e.*, the network file folder, hard drive, backup tape, or other location) where the Documents are stored and, where applicable, the natural person in whose possession they were found, or on whose hardware device they reside or are stored. If the storage location was a file share or work group folder, that should be specified as well.

b.      Attachments, enclosures, and/or exhibits to any parent Documents should also be produced and proximately referenced to the respective parent Documents containing the attachments, enclosures, and/or exhibits.

c.      For standard Documents, emails, and presentations originating in electronic form, Documents should be produced as TIFF images using the same specifications as set forth above for paper Documents, with a delimited text file (using the delimiters detailed below) containing the following extracted metadata fields:

i.      Beginning Attachment Range;

ii.     Ending Production Number;

iii.    Beginning Attachment Range;

| | | |
|---|---|---|
| iv. | Ending Attachment Range; |
| v. | Custodian; |
| vi. | Original Location Path; |
| vii. | Email Folder Path; |
| viii. | Document Type; |
| ix. | Author; |
| x. | Title; |
| xi. | File Name; |
| xii. | File Ext; |
| xiii. | File Size; |
| xiv. | MD5 Hash; |
| xv. | Date Last Modified; |
| xvi. | Date Created; |
| xvii. | Date Sent; |
| xviii. | Time Sent [HH:MM:SS]; |
| xix. | MessageID; |
| xx. | Date Received; |

    xxi.        From;

    xxii.       Recipients;

    xxiii.      Copyees;

    xxiv.      Blind Copyees;

    xxv.       Pages

    xxvi.      Email Subject;

    xxvii.     Native link path; and

    xxviii.    Extracted Text (not OCR Text) produced as separate .TXT files.

21.     When converting Electronically Stored Information from its native format into its production format: (a) all tracked changes shall be retained in the manner in which they existed when the file was collected; (b) OLE Embedded files shall not be extracted as separate Documents; (c) author comments shall be retained in the manner in which they existed when the file was collected; (d) hidden columns and rows shall be retained in the manner in which they existed when the file was collected; (e) presenter notes shall be retained in the manner in which they existed when the file was collected; (f) auto-populated fields shall be replaced with descriptive text for the item. For example, auto-populating "page number" fields shall be replaced with the text "PAGE #," auto-populating "date" fields shall be replaced with the text "DATE," and auto-populating "file path" fields shall be replaced with the text "PATH" (or other similar text).

22.     Additional special processing of certain Electronically Stored Information will be as follows: Microsoft Excel spreadsheet files will not be converted to TIFF files and will be

produced in native format. A placeholder TIFF image will be created, Bates numbered, and the produced Excel file will be renamed to match the Bates number on its corresponding placeholder page. The exception will be for redacted spreadsheets which will be produced in TIFF format as specified above. Images for the redacted spreadsheets will display the content in the same manner as if it were printed. The extractable metadata and text will be provided for native files, and OCR will be provided for the un-redacted portions of the Documents.

23.     Upon review, a request may be made for certain other Documents that were initially produced in their static (TIFF or PDF) format to be produced in their native format in the event that the static version is not reasonably usable. Such Documents will be identified by Bates numbers. For structured information contained within databases parties are to meet and confer on the form of production prior to production.

24.     Documents produced shall be provided with (i) Concordance delimited load file(s) and (ii) Opticon delimited cross-reference file(s). Every TIFF in each production must be referenced in the production's corresponding load file. The total number of images referenced in a production's load file should match the total number of TIFF files in the production. The database load file shall include a reference to any native files that are produced.

25.     You shall produce all Documents responsive to any of the following Requests in the possession or custody of any of the advisors or counsel to You.

### **Interrogatories**

1.     State the name, address, title, and duties of the person answering these Interrogatories and the place where the Interrogatories are answered.

2.      Identify any and all facts that support the Motion or which You intend to prove at the evidentiary hearing on the Motion.

3.      Identify any and all documents that support the Motion or which You intend to introduce or use at the evidentiary hearing on the Motion.

4.      Identify any and all individuals, entities, or people that have knowledge of any and all relevant facts that support the Motion or which You intend to prove at the evidentiary hearing on the Motion.  For each such person, state the substance of the knowledge that each person has regarding the facts all alleged in the Motion or which You intend to prove at the evidentiary hearing on the Motion.

5.      Identify any and all individuals, entities, or people that You intend to call as witnesses at the evidentiary hearing on the Motion.

6.      Identify all legal or equitable grounds on which You intend to rely in prosecuting the Motion.

7.      If you intend to assert that there is "cause" for the Bankruptcy Court to grant the Motion and dismiss the Bankruptcy Case, Identify all facts supporting such alleged "cause."

8.      If you intend to assert that the Debtor commenced the Bankruptcy Case in "bad faith", Identify all facts supporting such alleged "bad faith" by the Debtor.

9.      Identify any and all Communication You have had with any other State Court Plaintiff concerning the Motion.

10.     Identify any and all Communication You have had with any other State Court Plaintiff concerning the Bankruptcy Case.

11.     Identify any and all Communication You have had with Love concerning the Bankruptcy Case.

## **Requests for Production**

12.     Any and all Communications and Documents identified in, described in, Concerning, evidencing, or related to Interrogatories 1 through 11, above.


*/s/ Bill D. Bensinger*
Bill D. Bensinger
Attorney for James D. Bulger


**OF COUNSEL:**

**CHRISTIAN & SMALL, LLP**
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203
Tel:  205-250-6626
Email:  bdbensinger@csattorneys.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's CM/ECF system, email, regular mail, and/or certified mail, return receipt requested, on the following counsel of record on October 26, 2021.

Von G. Memory
Wm. Wesley Causby
MEMORY MEMORY & CAUSBY, LLP
P.O. Box 4054
Montgomery, AL 36103

Garrick L. Stotser
Massey, Stotser & Nichols, PC
1780 Gadsden Highway
Birmingham, Alabama 35235

*/s/ Bill D. Bensinger*
OF COUNSEL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 21-31333 |
| JAMES D. BULGER, | |
| Debtor. | Chapter 7 |

### RESPONSES OF JOHN WILLIAM KITCHENS
### TO JAMES D. BULGER'S FIRST DISCOVERY REQUESTS

COMES NOW John William Kitchens ("Kitchens"), pursuant to FED. R. CIV. P. 33 and 34, as made applicable by FED. R. BANKR. P. 7033, 7034, and 9014(c), and to the Local Rules of the Bankruptcy and District Courts for the Middle District of Alabama, and responds or objects to the discovery requests propounded by James D. Bulger ("Bulger") as follows:

### GENERAL OBJECTIONS

1.      These responses are made solely for the purpose of this action. Each response is subject to all appropriate objections, including competency, relevancy, materiality, propriety, and admissibility, which would require the exclusion of any response set forth herein if the question were asked of, or any response were made by, a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

2.      Kitchens objects to each instruction, definition, document request, request for admission, and interrogatory, to the extent it imposes any requirement or discovery obligation beyond, or in conflict with, those imposed by the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, as well as those imposed by the

applicable Local Rules and Orders of the Court.

3.      Kitchens objects to each instruction, definition, document request, request for admission, and interrogatory, to the extent it seeks documents or information protected by any applicable privilege. Should any such disclosure by Kitchens occur, it is inadvertent and will not constitute a waiver of any applicable privilege.

4.      Kitchens objects to each instruction, definition, document request, request for admission, and interrogatory, to the extent it seeks documents or information that is readily accessible to Bulger from Bulger's own files or possessions, or that Kitchens previously produced to Bulger. Responding to such requests would be oppressive, unduly burdensome, and unnecessarily expensive to Kitchens.

5.      Kitchens has not completed his investigation of the facts relating to this action, has not yet completed his discovery in this action, and has not yet completed preparation for trial. Consequently, the following responses are given without prejudice to Kitchens's right to allege or produce evidence of any subsequently-discovered facts or circumstances. Except for facts explicitly admitted herein, no admission of any nature is to be implied or inferred. The fact that any document request, request for admission, or interrogatory herein has been answered should not be taken as an admission, or a confession of the existence of any facts set forth or assumed by such document request, request for admission, or interrogatory or that such response constitutes any fact thus set forth or assumed. All responses are given based upon a good faith effort to locate the requested information.

6.      Kitchens reserves the right to change any and all of the responses herein as additional facts and further information is obtained, new analyses are made, and legal

- 2 -

research is completed. The information contained herein is given in a good faith effort to supply as much factual material as is presently known by Kitchens but should in no way prejudice Kitchens's right to make new contentions or provide additional facts or additional information derived from further discovery, investigation, research, or legal analysis. These general objections will apply to each and every answer or response given herein and shall be incorporated by reference as though fully set forth in all of the document request or interrogatory responses.

7.     These General Objections are subject to each discovery request and are not waived by specific responses to any such request.

## INTERROGATORIES

1.     State the name, address, title, and duties of the person answering these Interrogatories and the place where the Interrogatories are answered.

**RESPONSE: Kitchens, at his attorneys' office.**

2.     Identify any and all facts that support the Motion or which You intend to prove at the evidentiary hearing on the Motion.

**RESPONSE: See Response to Interrogatory Number 6.**

3.     Identify any and all documents that support the Motion or which You intend to introduce or use at the evidentiary hearing on the Motion.

**RESPONSE: All documents are being produced, which include audio recordings subpoenaed and received from Autauga County Jail, documentation purported to be Alfa renovation jobs, Parmer closing documents, and records from the Alabama Secretary of State's office.**

- 3 -

4.       Identify any and all individuals, entities, or people that have knowledge of any and all relevant facts that support the Motion or which You intend to prove at the evidentiary hearing on the Motion. For each such person, state the substance of the knowledge that each person has regarding the facts all alleged in the Motion or which You intend to prove at the evidentiary hearing on the Motion.

**RESPONSE: See Response to Interrogatory Number 5.**

5.       Identify any and all individuals, entities, or people that You intend to call as witness at the evidentiary hearing on the Motion.

**RESPONSE: Kitchens intends to call himself, Bulger, Ricky Adams, Greg Schmitt, Ginger McLeod, Deborah Hudson, Lonnie Marshall, Margaret Sasser, Mark Kitchens, Brad Kitchens, Jeremy Richards, Brian Barksdale, Tommy Gallion, any necessary rebuttal witnesses, and any witnesses necessary for authentication.**

6.       Identify all legal or equitable grounds on which You intend to rely in prosecuting the Motion.

**RESPONSE: Bulger is ineligible to be a debtor under the Bankruptcy Code because he failed to obtain credit counseling prior to filing bankruptcy. Bulger filed bankruptcy in bad faith as a blatant attempt at forum shopping in advance of a state court contempt hearing and after off-the-record arguments in front of the state court judge. Bulger lied on his Amended Petition by indicating he had obtained pre-petition credit counseling when he had not. Bulger wrongfully listed at least four parcels of real estate that are titled in the name of Kitchens as assets on Schedule A, as well as another parcel of real estate that he sold to a third party. Bulger failed to disclose, on either Schedule A or his Statement of Financial Affairs, a parcel of real estate that he either owns or transferred**

– 4 –

to a third party. Bulger failed to disclose on his Statement of Financial Affairs the

transfer of ten parcels of real estate into trusts that he is the beneficiary of. Bulger

failed to disclose at least six business interests he had within the past year on his

Statement of Financial Affairs. Bulger failed to disclose multiple bank accounts at

Valley Bank on Schedule B. Bulger committed multiple acts of criminal bankruptcy

fraud by instructing his associates to hide and transfer assets that are in, or are

recoverable by, his bankruptcy estate after filing bankruptcy.

7.      If you intend to assert that there is "cause" for the Bankruptcy Court to grant

the Motion and dismiss the Bankruptcy Case, Identify all facts supporting such alleged "cause."

RESPONSE: Bulger failed to obtain credit counseling prior to filing bankruptcy. Bulger

filed bankruptcy in bad faith as a blatant attempt at forum shopping in advance of a state

court contempt hearing and after off-the-record arguments in front of the state court

judge. Bulger lied on his Amended Petition by indicating he had obtained pre-petition

credit counseling when he had not. Bulger wrongfully listed at least four parcels of real

estate that are titled in the name of Kitchens as assets on Schedule A, as well as another

parcel of real estate that he sold to a third party. Bulger failed to disclose, on either

Schedule A or his Statement of Financial Affairs, a parcel of real estate that he either

owns or transferred to a third party. Bulger failed to disclose on his Statement of

Financial Affairs the transfer of ten parcels of real estate into trusts that he is the

beneficiary of. Bulger failed to disclose at least six business interests he had within the

past year on his Statement of Financial Affairs. Bulger failed to disclose multiple bank

accounts at Valley Bank on Schedule B. Bulger committed multiple acts of criminal

bankruptcy fraud by instructing his associates to hide and transfer assets that are in, or are recoverable by, his bankruptcy estate after filing bankruptcy.

8.      If you intend to assert that the Debtor commenced the Bankruptcy Case in "bad faith", Identify all facts supporting such alleged "bad faith" by the Debtor.

**RESPONSE:** Bulger filed bankruptcy in bad faith as a blatant attempt at forum shopping in advance of a state court contempt hearing and after off-the-record arguments in front of the state court judge. Bulger lied on his Amended Petition by indicating he had obtained pre-petition credit counseling when he had not. Bulger wrongfully listed at least four parcels of real estate that are titled in the name of Kitchens as assets on Schedule A, as well as another parcel of real estate that he sold to a third party. Bulger failed to disclose, on either Schedule A or his Statement of Financial Affairs, a parcel of real estate that he either owns or transferred to a third party. Bulger failed to disclose on his Statement of Financial Affairs the transfer of ten parcels of real estate into trusts that he is the beneficiary of. Bulger failed to disclose at least six business interests he had within the past year on his Statement of Financial Affairs. Bulger failed to disclose multiple bank accounts at Valley Bank on Schedule B. Bulger committed multiple acts of criminal bankruptcy fraud by instructing his associates to hide and transfer assets that are in, or are recoverable by, his bankruptcy estate after filing bankruptcy.

9.      Identify any and all Communication You have had with any other State Court Plaintiff concerning the Motion.

**RESPONSE:** Kitchens objects to this interrogatory to the extent it seeks any communication that is protected by attorney-client privilege. Subject to, and without waiving, said objection, none.

    10.      Identify any and all Communication You have had with any other State Court Plaintiff concerning the Bankruptcy Case.

**RESPONSE:** Kitchens objects to this interrogatory to the extent it seeks any communication that is protected by attorney-client privilege. Subject to, and without waiving, said objection, none.

    11.      Identify any and all Communication You have had with Love concerning the Bankruptcy Case.

**RESPONSE:** Kitchens objects to this interrogatory to the extent it seeks any communication that is protected by attorney-client privilege. Subject to, and without waiving, said objection, none.

## REQUESTS FOR PRODUCTION

    12.      Any and all Communications and Documents identified in, described in, Concerning, evidencing, or related to Interrogatories 1 through 11, above.

**RESPONSE:** Documents and tape recordings responsive to this request are included with these responses.

Dated this ___ day of November, 2021.

- 7 -

_John William Kitchens_

John William Kitchens

Objections raised by: _____

Wm. Wesley Causby
Attorney for Pike Road Investments, LLC

I, the undersigned, a Notary Public in and for said State and County, hereby certify that John William Kitchens, whose name is signed to the foregoing discovery responses and who is known to me, acknowledged before me on this day, that being informed of the contents of said instrument, he executed the same voluntarily on the day the same bears date.

GIVEN under my hand and official seal this _8_ day of November, 2021.



(SEAL)

_Wes. Wesley_ _____
NOTARY PUBLIC

My commission expires: 4/13/2025

THIS INSTRUMENT WAS PREPARED BY

Wm. Wesley Causby
MEMORY MEMORY & CAUSBY, LLP
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
Email wcausby@memorylegal.com

MEMORY MEMORY & CAUSBY, LLP


By:  /s/ Wm. Wesley Causby

Von G. Memory
ASB-8137-O71V

Wm. Wesley Causby
ASB-9822-G93R

Attorneys for Pike Road
Investments, LLC and John William
Kitchens

MEMORY MEMORY & CAUSBY, LLP
P.O. Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
wcausby@memorylegal.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing document on the following, by:

☐ placing same in the United States Mail, postage prepaid, and properly addressed

☒ E-mail or ECF (Pursuant to FED. R. BANKR. P. 9036)

☐ facsimile

☐ hand delivery

☐ delivered in open court

Bill D. Bensinger, Esq.
Christian & Small LLP
1800 Financial Center
505 North 20th Street
Birmingham, Alabama 35203

on November 8, 2021.

/s/ Wm. Wesley Causby

– 10 –