# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 21-31333-BPC |
| | Chapter 7 |
| JAMES D. BULGER, | |
|     Debtor. | |

## MEMORANDUM OPINION AND ORDER DENYING DEBTOR'S MOTION

After this Court's order dismissing Debtor's petition with a two-year injunction, Debtor now moves for a stay and injunction pending appeal. (Doc. 85) ("Motion"). John Williams Kitchens and Pike Road Investments, LLC (the "Kitchens Creditors") objected (Doc. 94) to Debtor's Motion and a hearing was held on January 25, 2022. For the reasons set forth below, Debtor's Motion is due to be DENIED.

### I. JURISDICTION

This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. § 1334(b). This is core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). This is a final order.

### II. PROCEDURAL HISTORY AND FACTS

As set out in more detail in the Memorandum Opinion and Order Dismissing Case With Injunction (the "Opinion"), Debtor's bankruptcy petition was precipitated by a State Court action. Pike Road Investments, LLC, Kitchens Investments, LLC, John W. Kitchens Adventures, LLC, Pike Manor, Ltd., John William Kitchens, William Bradford Kitchens, John Mark Kitchens, and Caroline Kitchens (collectively, the "Plaintiffs") filed suit against Debtor in the Circuit Court of Autauga County, Alabama, on April 29, 2021, Case Number CV-2021-900069 (the "State Court Case"). (Docs. 72, 80). Subsequent to a State Court injunction order, Debtor was found in

1

Case 21-31333    Doc 97    Filed 02/04/22    Entered 02/04/22 15:21:07    Desc Main
Document      Page 1 of 12

contempt, sanctioned with fines, and sentenced to forty days in jail. Congruent with that contempt hearing, Debtor filed his underlying Chapter 7 petition. (Docs. 1, 72).

Debtor did not obtain credit counseling prior to filing his bankruptcy petition and was met with a dismissal motion by the Bankruptcy Administrator for his failure to comply with the express requirements of 11 U.S.C. § 109(h). (Doc. 20). While the Motion to Dismiss was pending, Debtor and two other State Court defendants removed the State Court Case to this Court on October 11, 2021, Adversary Proceeding 21-03023. (Doc. 25; AP Doc. 1). Debtor objected to the Motion to Dismiss. (Doc. 29). On October 24, 2021, the Kitchens Creditors joined in the Bankruptcy Administrator's Motion and requested an injunction of at least six months. (Doc. 30). Prior to the evidentiary hearing, the Kitchens Creditors filed a new Motion to Dismiss expanding their request to include a § 349 bar and an injunction of at least two years. (Doc. 65). The Kitchens Creditors argued that more than outright dismissal was necessary because, in addition to Debtor's failure to complete the pre-petition credit counseling, Debtor's bad faith and impropriety (including pre-petition transfers, false statements and omissions on his petition and Schedules, and post-petition transfers) warranted harsher consequences. Debtor objected alleging insufficient notice and argued that the Kitchens Creditors had failed to timely request any relief under § 349(a). (Doc. 71). After the evidentiary hearing, the Court provided seven days for post-trial briefs.

As further outlined in the Opinion, the Court found Debtor's blatant forum shopping, leveraging his bankruptcy case in attempt to obtain a settlement of the State Court Case, and lack of disclosures were clear indications of his intent to unfairly use the Chapter 7 process. (Doc. 80). By utilizing this Court to stall and evade, Debtor "[took] advantage of the court's jurisdiction in a manner abhorrent to the purposes of Chapter 7." *Id*. Based on Debtor's bad faith and abuse of the bankruptcy process, the Court dismissed Debtor with a two-year injunction on filing a bankruptcy

2

petition under any chapter. The same day this Court remanded the State Court Case back to State Court. (AP Doc. 19).

Debtor appealed the Opinion and now requests a stay and injunction pending appeal pursuant to Rules 8007(a)(1)(A) and 8007(a)(1)(C). (Docs. 82, 85); FED. R. BANKR. P. 8007(a)(1)(A) and 8007(a)(1)(C).[1] While Debtor's Motion requests both a stay of the Opinion and a separate injunction of the State Court Case while the appeal is pending, Debtor did not appeal this Court's decision remanding the State Court Case back to State Court and has made no argument in support of what jurisdiction this Court would now have to enjoin the State Court Case from proceeding.

### III. LEGAL ANALYSIS AND CONCLUSIONS OF LAW

The grant of a stay pending appeal is an "exceptional response" provided only to a movant that clearly establishes the four necessary elements: "1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia–Mir v. Meese,* 781 F.2d 1450, 1453 (11th Cir.1986); *In re Land Ventures for 2*, 2010 WL 4176121, at \*2 (M.D. Ala. Oct. 18, 2010); *In re McIntyre Bldg. Co. Inc.*, No. 10-30558-WRS, 2011 WL 1434691, at \*4 (Bankr. M.D. Ala. Apr. 14, 2011). As movant, Debtor faces a difficult burden in that "movant must show satisfactory evidence on all four criteria, and the failure to satisfy one prong is fatal to the motion." *Jet Networks FC Holding Corp. v. Goldberg*, No. 09-21082-CIV, 2009 WL 1616375, at \*2 (S.D. Fla. June 9, 2009) (citations

---

[1] Debtor's Motion to Stay did not set forth the elements necessary to succeed under Rules 8007(a)(1)(A) or (a)(1)(C). Based on the arguments in court, the Court's analysis herein focuses on the factors necessary to succeed under Rule 8007(a)(1)(A), which are substantially similar to those necessary to succeed under Rule 8007(a)(1)(C). *See In re Motors Liquidation Co.*, 539 B.R. 676, 683 (Bankr. S.D.N.Y. 2015) ("The applicable standards on similar requests have been stated slightly differently, but they can be distilled into a requirement of irreparable injury; the degree of prejudice to the party to be enjoined; a showing of a likelihood of success (albeit to somewhat varying degrees); and the public interest.").

omitted); *In re Gen. Motors Corp.*, 409 B.R. at 30 (Noting that the movant's burden is a "heavy one."). Not only must Debtor satisfy each element, but the Court "may give greater weight to any of the elements in its discretion depending upon the circumstances of the case." *In re Powers*, No. 15-03267-JHH13, 2016 WL 1573791, at *3 (Bankr. N.D. Ala. Apr. 15, 2016) (citing *In re Charter Co.*, 72 B.R. 70, 72 (Bankr. M.D. Fla. 1987)).

      **i.    Likelihood of Success on the Merits**

To successfully satisfy the first element, Debtor must demonstrate his likelihood of success on the merits on appeal is "probable". *Garcia–Mir v. Meese,* 781 F.2d at 1453. Such a finding typically requires a determination that the prior order was clearly erroneous, but when "the balance of the equities identified in factors 2, 3, and 4 weighs heavily in favor of granting the stay" a movant need only a lesser showing of a "substantial case on the merits". *Id.* As discussed below, Debtor does not succeed on factors 2, 3, or 4; therefore, the Court will proceed under the higher standard—probable likelihood of success. *See In re McIntyre Bldg. Co. Inc.*, 2011 WL 1434691, at *4. Moreover, the circumstances of this case warrant greater weight be given to the remaining three factors. *See In re Powers*, 2016 WL 1573791, at *3.

While Debtor correctly points out that the Eleventh Circuit has not determined the issue of whether a bankruptcy court may impose an injunction against refiling for more than 180 days, the Motion makes no further argument of any deficiencies, errors, or abuse of discretion. In the Motion, Debtor did not argue that the dismissal was improper or that even an injunction of only six months would have been improper. Instead, viewing only the Motion, it seems Debtor's issue is limited to this Court's decision to impose an injunction of two years.

While the Eleventh Circuit has not decided the issue of whether a bankruptcy court has the authority to impose an injunction beyond 180 days, there are procedural issues and findings of bad

4

faith in this case that the Court is unable to ignore. Debtor cannot genuinely argue that the underlying dismissal was erroneous. Debtor may take issue with this Court's finding of bad faith and cause for dismissal that led to the imposition of an injunction, but even without such findings, Debtor's case was due to be dismissed based on his failure to complete pre-petition credit counseling as initially raised in the Bankruptcy Administrator's motion to dismiss. 11 U.S.C. § 109(h); *In re Sussman*, 816 F. App'x 410, 415 (11th Cir. 2020) ("An individual may not be a debtor in bankruptcy court unless that individual has received credit counseling from a nonprofit budget and credit counseling agency."); *In re Echeverry*, 720 F. App'x 598, 601, fn1 (11th Cir. 2018). Debtor did not dispute that he failed to complete the counseling pre-petition. Failure to complete prepetition counseling renders one ineligible to be a debtor and demands dismissal. *In re Wood*, 2013 WL 1969303, at *1 (Bankr. S.D. Ga. May 13, 2013) (finding debtor ineligible based on failure to receive pre-petition counseling and dismissing case); *In re Coley*, 2009 WL 2030435, at *1 (Bankr. M.D. Ala. July 6, 2009) ("The [§ 109(h)] requirement is mandatory, and the case must be dismissed."). Because of this ineligibility issue, granting the Motion would essentially require that this Court ignore and vacate the Opinion dismissing with an injunction because Debtor would need to file a new petition. Thus, Debtor is not merely asking for a stay, but is asking the Court to ignore the injunction entirely despite it finding that Debtor's failure to complete this mandatory credit counseling was one of many indicia of his bad faith and abuse of the bankruptcy system. While the facts of this case and persuasive precedent support this Court's imposition of a two-year injunction, the Court acknowledges that Debtor raised a valid issue of first impression as the Eleventh Circuit has not clarified whether a bankruptcy court can issue an injunction in excess of 180 days. *See Willcox v. Stroup*, 358 B.R. 835, 838 (D.S.C. 2006) (stating "the court cannot say that [movant] is unlikely to succeed upon appeal. This finding in no way implies that the court

5

Case 21-31333    Doc 97    Filed 02/04/22    Entered 02/04/22 15:21:07    Desc Main
Document    Page 5 of 12

doubts the correctness of its order; however, the court must admit that this case presents serious, substantial and difficult issues of first impression that are a 'fair subject for appellate argument.'").

Yet, Debtor's likelihood of success is still limited in some respects. Notwithstanding the issue of first impression, Debtor has provided nothing to show the imposition of a 180-day injunction would have been inappropriate, and it is unlikely Debtor could make a "strong showing" that such was an abuse of discretion on appeal. *New York Life Ins. Co. v. Singh*, 2017 WL 10187669, at *2 (E.D.N.Y. July 13, 2017) (finding a "strong showing" of likely success requires a party "to do more than simply reiterate arguments with which the court has already disagreed"). Debtor's request for a stay to determine this issue of first impression without adequately arguing that dismissal was improper or an injunction of 180 days or less would have been inappropriate undermines the purpose of the Opinion. By focusing only on the term of the injunction, Debtor ignores that his case was dismissed because he was ineligible to be a debtor pursuant to § 109(g). To grant a stay pending appeal under these facts would require this Court to ignore Debtor's ineligibility issues and its previous findings of bad faith, overlook its imposition of an injunction, and allow Debtor to proceed under the prior case or file a new petition. While the issue regarding a bankruptcy court's authority to impose an injunction beyond 180-days is a valid issue for appeal, Debtor did not establish a probable likelihood of success in arguing that dismissal was improper or that an injunction of only 180-days would be inappropriate given the findings of bad faith. The findings set forth in the Opinion sufficiently support dismissal and the imposition of an injunction based on Debtor's bad faith. With that, the Court does not find this element tips the scales for or against a stay.

6

### ii. Irreparable Harm to the Movant

Because a stay pending appeal is such an extraordinary remedy, Debtor must show he would face irreparable injury such that monetary relief could not cure. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies. . . . Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough.") (quoting *Sampson v. Murray,* 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974))). A movant must be specific about the irreparable injury he faces. *In re McIntyre Bldg. Co. Inc.*, 2011 WL 1434691, at *6 ("The irreparable harm must be neither remote nor speculative, but actual and imminent.") (quoting *In re Advanced Telecomm. Network, Inc.*, 2011 WL 722766, at *3 (M.D. Fla. Feb. 23, 2011)); *In re F.G. Metals, Inc.*, 390 B.R. 467, 477 (Bankr. M.D. Fla. 2008) ("the party seeking the stay generally must show that legal remedies (i.e., money damages) are inadequate to protect it during the pendency of the appeal.") (citations omitted); *see also In re Hardy*, 561 B.R. 281, 289 (D.D.C. 2016) (contrasting that while certainty of being evicted may be an irreparable injury, movant did not explain how turnover of commercial property amounted to a similarly irreparable injury).

In support of the Motion, Debtor argues he faces harm due to the loss of the automatic stay in bankruptcy. Debtor's Motion and his in-court arguments lacked the requisite specificity as he did not cite to any "actual and imminent" irreparable harm. Debtor only speculated as to potential harm, but mere assertions of potential financial harm a dismissed debtor may face after the loss of the automatic stay are insufficient. While Debtor argues generally that he may be prejudiced by the State Court Case, this is insufficient because conclusory labels are not sufficient to demonstrate irreparable injury. *In re Hardy*, 561 B.R. at 289. First, any imminent harm to Debtor is speculative since the State Court Case is ongoing, and Debtor can participate and defend.

7

Debtor did not identify any specific impending negative ruling, substantiate how he would be irreparably harmed by the State Court Case, or argue how any potential injury he *may* suffer could not be alleviated by monetary remedies. Moreover, Debtor did not provide evidence that an adverse ruling or judgment is a certainty at this point, nor has Debtor established one is actual and imminent. Nothing more than conjecture was offered as to how that litigation could irreparably injure Debtor.[2] *See In re McIntyre Bldg. Co. Inc.,* 2011 WL 1434691, at *6 ("The Court sees no actual or imminent harm on the horizon if the [state court] case proceeds, much less a harm that could not be remedied with money."). Because Debtor did not establish a certainty of any specific, irreparable harm, Debtor failed to satisfy the second element. While failure to satisfy any one of the factors is fatal to a motion to stay pending appeal; the Court will continue to address the remaining two factors. *See Jet Networks FC Holding Corp. v. Goldberg*, 2009 WL 1616375, at *2.

### iii. Substantial Harm to Others

Some courts have pointed out that a significant delay in the administration of an estate may constitute harm to other parties. *See In re Session*, 622 B.R. 102, 108 (Bankr. S.D. Ala. 2020); *In re F.G. Metals, Inc.*, 390 B.R. 467, 478 (Bankr. M.D. Fla. 2008) ("Significant delay in the administration of an estate, however, generally satisfies the criterion of harm to other parties."). The Kitchens Creditors argue that significant delay, the expense of litigation (expected and already expended), and the lack of any supersedeas bond constitute substantial harm. (Doc. 95).

Here, there is no longer an estate to administer. Instead, Debtor's request for a stay is essentially a request to ignore the ineligibility issues, reinstate the case (or allow Debtor to file a

---

[2] Not only is this assertion insufficient, it is untimely. The same day this Court entered its Opinion, it also entered an opinion and order remanding the removed state court action back to State Court. (AP Doc. 19). Debtor did not appeal that decision, but instead asks this Court to ignore another prior order. Debtor did not provide any support or argument as to what jurisdiction this Court would have to enjoin the State Court after dismissal of the bankruptcy case and remand of the adversary proceeding. This is yet another attempt to utilize this Court to further stall the state court proceedings.

8

new petition), and reimpose the automatic stay. Prior to dismissal, the Chapter 7 Trustee was unable to conduct the § 341 meeting of creditors or perform other investigative and administrative duties and requested permission to do so if a stay pending appeal was granted. At the hearing on the Motion, Debtor offered to cooperate with the Chapter 7 Trustee, but again, granting a stay and allowing Debtor to continue to enjoy the protections of bankruptcy absent any genuine intent to earn a discharge undermines this Court's Opinion and the Code.[3] Debtor was not forthright in accurately completing Schedules or disclosing assets prior to dismissal, and the Court finds it unlikely that Debtor's intentions have changed.

Set forth in the Opinion is Debtor's history with the Kitchen Creditors. From the filing of the bankruptcy petition, Debtor's intent to delay and forum shop was evident. Specifically, Debtor admitted that he filed his bankruptcy petition in attempt to leverage a settlement of the State Court Case and even testified that he thought this Court would be fair and the Kitchen Creditors would "be crazy not to settle". (Doc. 80). Debtor went so far as to admit that he could have the filing dismissed as a "clerical error" once the desired settlement was obtained. *Id*. This Court found that Debtor was not employing a legal strategy, but was taking advantage of this Court's jurisdiction contrary to the purposes of Chapter 7. Specifically, the Court found that Debtor's misleading maneuvers employed to obtain settlement were suspicious, egregious, and ran afoul of the expectations of the Court and the Code. *Id*. Moreover, the Court is doubtful that Debtor's intentions have changed since Debtor's primary argument in support of the Motion is that he may be prejudiced by the State Court Case. The Kitchens Creditors, as well as other creditors, should not suffer further delay due to Debtor's tactics. *See In re Kent*, 145 B.R. 843, 844 (Bankr. E.D.

---

[3] Again, notwithstanding his bad faith, dismissal was proper pursuant to § 109 based on Debtor's ineligibility to be a debtor for failure to complete credit counseling. The Court would have to ignore its injunction and allow Debtor to refile a new petition—wholly undermining the basis for an injunction set forth in the Opinion.

9

Va. 1991) (finding that the imposition of an injunction was based in part on avoiding further delay and "[t]o stay that order would be to deny the very relief granted. . . . Any further delay would increase the already substantial harm that has been suffered."). The State Court Case has been stalled as a result of these proceedings since the filing of Debtor's bankruptcy petition in August of 2021—any further delay would result in further unnecessary harm. Debtor has not established that a stay or injunction would not result in substantial harm to interested parties.

    **iv.**     **Public Interest**

In their opposition to Debtor's Motion, the Kitchen Creditors suggest that "the public interest is not implicated in this matter", but the Court disagrees.[4] (Doc. 94). There is a public interest in ensuring that the bankruptcy process functions as it is intended and "is not used as a sword rather than a shield by debtors". *See In re Powers*, No. 15-03267-JHH13, 2016 WL 1573791, at *3 (Bankr. N.D. Ala. Apr. 15, 2016). In the Opinion, this Court found that Debtor was not genuinely seeking a fresh start, but deliberately and persistently evading the Kitchens Creditors as well as over-utilizing the protections of the Bankruptcy Code to the unconscionable detriment of all of his creditors. By utilizing this Court to forum shop and frustrate creditors while failing to comply with the basic requirements of accurate and full disclosure, Debtor abused the bankruptcy process. Allowing that abuse to continue does not serve the public interest. *See In re Kent*, 145 B.R. 843, 844 (Bankr. E.D. Va. 1991) ("[D]ebtor has alleged no 'public interest' which would be served by the court's granting a stay. This court has determined that the debtor filed its . . . petition in bad faith. The debtor has failed to show otherwise. Thus, it would appear to be in

---

[4] While noting the Court disagrees with their position as to this element, the Court also notes that the Kitchens Creditors were not obligated to file any objection as it is solely Debtor's burden to satisfy each element regardless of other parties' positions. *See Jet Networks FC Holding Corp. v. Goldberg*, 2009 WL 1616375, at *2 ("[M]ovant must show satisfactory evidence on all four criteria, and the failure to satisfy one prong is fatal to the motion.") (citations omitted).

the 'public interest' to deny the motion for stay."). *See also In re Buczek*, 617 B.R. 772, 776–77 (Bankr. W.D.N.Y. 2020) (finding that the debtor's use of bankruptcy was in bad faith and that "any further delay would violate the public interest"). While the Motion is due to be denied based on Debtor's failure to satisfy the second and third factors, the facts of this case are particularly concerning and support the Court giving greater weight to this factor over the others. *See In re Powers*, 2016 WL 1573791, at *3. Specifically, Debtor's Motion essentially asks this Court to ignore its express findings of bad faith and imposition of an injunction. The findings supported that Debtor had no genuine intent to seek a fresh start through bankruptcy, but instead, employed procedural gymnastics, omitted information, admitted to leveraging his bankruptcy in hopes of forcing a settlement, and revealed a complete disregard for the bankruptcy policy and process. The totality-of-the-circumstances clearly evidenced bad faith. While Debtor has raised an issue of first impression, determination of that issue need not undo the entire premise of this Court's Opinion dismissing Debtor with an injunction (whether that injunction is permissible at two-years or should be limited to 180 days). Allowing Debtor to file a new petition would ignore all of the admissions and findings supporting dismissal with an injunction and would greatly disserve the public interest. Debtor has not established how granting him a stay pending appeal and/or allowing him to refile another bankruptcy before two years would serve the public interest. Instead, it is in the public interest to deny the Motion based on the Court's prior conclusions that Debtor filed in bad faith, was not entitled to (or genuinely seeking) a fresh start, and "abused the provisions, purpose, or spirit of bankruptcy law." (Doc. 80); s*ee also In re Kent*, 145 B.R. at 844.

### IV. CONCLUSION

Debtor failed to satisfy each of the necessary elements to succeed under Rules 8007(a)(1)(A) or (a)(1)(C). Because Debtor did not meet his burden, it is hereby

ORDERED that the Motion (Doc. 85) is DENIED.

Done this 4th day of February, 2022.

Bess M. Parrish Creswell
United States Bankruptcy Judge

c: Debtor
Bill D. Bensinger, Attorney for Debtor
Wm. Wesley Causby, Attorney for Creditors
Garrick L. Stotser, Attorney for Creditors
Trustee
Bankruptcy Administrator